

Kaiser Saurborn & Mair, P.C.
30 Broad Street, 37th Floor
New York, New York 10004
www.ksmlaw.com

William H. Kaiser
+1.212.338.9100 x307
+1.646.607.9372 fax
kaiserw@ksmlaw.com

October 19, 2020

**VIA ECF**
The Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza
East Brooklyn, New York 11201

    Re:    Margaret O'Boyle v. Airlogix/Bayside Refrigeration, Inc.
              Index No.:  1:20-cv-1655

Dear Judge Orenstein:

    We represent the plaintiff, Margaret O'Boyle, in the above-referenced matter.  I enclose the final settlement agreement, executed by the parties, for the Court's review.

                          Respectfully submitted,

                          William H. Kaiser

Cc:    John Byrnes, Esq.

# NEGOTIATED SETTLEMENT AGREEMENT
# AND GENERAL RELEASE

This Negotiated Settlement Agreement and General Release ("Agreement") is entered into by between Margaret O'Boyle ("Plaintiff"), and Bayside Refrigeration, Inc. d/b/a Airlogix ("Airlogix" or "Defendant") (Plaintiff and Defendant may from time to time be referred to herein individually as "Party" or collectively as the "Parties").

## RECITALS AND BACKGROUND

**WHEREAS,** on April 1, 2020, Plaintiff filed a Complaint in the United States District Court for the Eastern District of New York ("EDNY"), Case No.: 1:20-cv-1655 ("Civil Action"), against Defendant alleging claims under the FLSA, the NYLL, and the Occupational Safety and Health Act of 1970 ("OSHA") which included allegations that Defendant failed to pay proper wages and overtime to certain employees other than Plaintiff (Plaintiff does not allege that she was ever paid improperly by Defendant), failed to follow OSH safety guidelines, and engaged in retaliation against Plaintiff for when she made these alleged complaints to Defendant directly;

**WHEREAS,** in order to avoid the burden, expense and uncertainty of continuing the Civil Action, Plaintiff and Defendant seek to amicably resolve any and all matters in controversy, disputes, causes of action, claims, contentions, and/or differences between them with regard to Plaintiff's claims within the Civil Action, and her past employment relationship and association with Defendant;

**WHEREAS,** Defendant denies and continues to deny all of the allegations made by Plaintiff in the Civil Action, whether under the FLSA, NYLL, OSHA, or otherwise, and has denied and continues to deny that they are liable or owe damages to Plaintiff or to anyone else with respect to any matter, including, but not limited to, the alleged facts or causes of action asserted in the Civil Action. Nonetheless, without admitting or conceding any liability or damages whatsoever, in order to avoid the burden, expense, and uncertainty of continuing the Civil Action, Defendant has agreed to enter into this settlement, and resolve all matters currently between itself and Plaintiff, on the terms and conditions set forth in this Agreement;

**WHEREAS,** Plaintiff, in consultation with her attorneys, Kaiser Saurborn & Mair, P.C. ("Counsel for Plaintiff") has analyzed and evaluated the merits of the claims made against Defendant and the impact of this Agreement on Plaintiff, and based upon such analysis and evaluation, and recognizing the substantial risks of continued litigation, including the possibility that the claims within the Civil Action, if not settled now, might result in a recovery that is less favorable, Plaintiff is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in her best interest;

**WHEREAS,** Defendant, in consultation with its attorneys, Milber Makris Plousadis & Seiden, LLP ("Counsel for Defendant"), has analyzed and evaluated the merits of the claims made against it, its defenses, and the impact of this Agreement on it, and based upon such analysis and evaluation, and recognizing the substantial risks of continued litigation, including the possibility that the claims within the Civil Action, if not settled now, might result in an outcome less favorable to it, Defendant is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in its best interest;

**WHEREAS,** the purpose of this Agreement is to settle fully and finally all claims Plaintiff has asserted, or could have asserted against Defendant, whether under the FLSA, NYLL, OSHA, or otherwise, including, but not limited to, all claims asserted in the Civil Action;

**NOW, THEREFORE,** in consideration for the sums outlined herein, Plaintiff and Defendant have reached a full and final compromise and settlement of any and all matters in controversy, and hereby agree as follows:

1. **NO ADMISSION OF LIABILITY:** The Parties hereto recognize and agree that Defendant does not admit, and expressly denies, any violation of law and/or liability to Plaintiff or to anyone else as a result of, or growing out of, the facts, claims, and allegations set forth in the Civil Action, or which could have been raised in a lawsuit, or which otherwise involve Plaintiff's employment relationship and association with Defendant. The Parties agree that neither this Agreement, nor any of its terms, will be admissible in any proceeding other than in a proceeding for breach of the terms of this Agreement as set forth herein.

2. **RELEASE:** In consideration for the payment called for herein, Plaintiff does hereby completely, irrevocably and unconditionally releases and forever discharges Defendant Bayside Refrigeration, Inc. d/b/a Airlogix and its present and former: owners, members, partners, divisions, affiliate organizations, subsidiary organizations, parent organizations, officers (including, but not limited to, Gerri Domenikos and Gabriel Domenikos), agents, shareholders, directors, trustees, insurers (including, but not limited to, Mount Vernon Fire Insurance Co. and United States Liability Insurance Group), representatives, attorneys (including, but not limited to, Milber Makris Plousadis & Seiden, LLP and MarksDiPalermo PLLC), managers, employees, employee benefit plans, and the current and former plan administrators and trustees (whether in their individual or official capacities) of any pension, welfare, or other benefit plan available to present or former employees and any such plan, and each and every one of them their heirs, executors, administrators, successors and assigns (all of which are hereinafter referred to collectively as the "Airlogix Releasees", and may be referred to individually as an "Airlogix Releasee") of and from any and all claims within the Civil Action; which includes claims and allegations for wage and hour violations under federal, state and/or local law, including, but not limited to, the New York State Labor Laws, the New York Wage Theft Prevention Act, the New York Minimum Wage Act, the New York Codes, Rules and Regulations, the New York Miscellaneous Industries Wage Order, and/or the Fair Labor Standards Act, each as amended, claims for emotional injuries, as well as any actions, claims, grievances, complaints, debts, controversies, judgments, administrative claims and demands whatsoever that Plaintiff, her respective heirs, executors, administrators, successors, and assigns had or now has or may have against Defendants and/or the Releasees from the beginning of time to the date of this Agreement, concerning violations or allegations of unpaid compensation, minimum wages, overtime, commissions, or unpaid wages in any form, whether based on common law, statute, the FLSA, the NYLL, or any other law, regulation, or ordinance governing the payment of wages, or otherwise. This release specifically includes all claims for unpaid overtime, back pay, improper deductions, travel time, spread of hours pay, split-shift pay, accrued benefit time, liquidated damages, attorneys-fees and costs, wage-related penalties (including any civil penalties associated with the alleged failure to comply with NYLL § 195 *et. seq.)* bonuses, expense reimbursements, severance pay, gratuities, tip credits, tip allowances, service charges and retained gratuities related to Plaintiff's employment and/or her association with the Releasees.

3. **DISMISSAL OF THE CIVIL ACTION:** Plaintiff understands and agrees that this Agreement and the promises made by Defendant herein are conditional and contingent upon Defendant's receipt of and Order of the EDNY: i) approving this Agreement following its full and valid execution by the Parties; and ii) dismissing the Civil Action in its entirety with prejudice.

4. **PAYMENT:** In consideration for the full release and other promises Plaintiff makes herein, and in full and final satisfaction of these matters, including dismissal of the Civil Action, and resolution of any other claims Plaintiff did or reasonably could have made based on the allegations therein, Defendant agrees to pay Plaintiff the sum of **$100,000.00 (One Hundred Thousand Dollars)** ("Settlement Amount"). Defendant shall issue the Settlement Amount to Plaintiff within thirty (30) days after its receipt of: (i) this Agreement, fully executed by Plaintiff; (ii) an Order from the EDNY approving this Agreement in its entirety and dismissing the Civil Action in its entirety with prejudice; (iii) Plaintiff's fully executed IRS Form W-4; (iv) Plaintiff's fully executed IRS Form W-9; and (v) Counsel for Plaintiff's fully executed W-9. The Settlement Amount shall be paid to Plaintiff as follows:

  A) Defendant shall provide **one (1) payroll check** in the amount of **$20,000.00** made payable to **"*Margaret O'Boyle,*"** from which all applicable taxes, withholdings and deductions shall be removed.

  B) Defendant's insurer shall provide **one (1) gross check** in the amount of **$60,000.00** made payable to **"*Margaret O'Boyle*"**, from which no taxes, withholdings or deductions shall be taken.

  C) Defendant's insurer shall provide **one (1) gross check** in the amount of **$20,000.00 made** payable to "*Kaiser Saurborn & Mair, P.C.*", from which no taxes, withholdings or deductions shall be taken.

  D) In accordance with IRS regulations, Defendant and/or Defendant's insurer shall provide, as applicable, an appropriate IRS Form 1099 and/or IRS Form W-2 to Plaintiff in connection with the payments being made herein.

  E) The Settlement Amount shall be delivered by mailing the checks referenced herein to Counsel for Plaintiff: William H. Kaiser, Esq., Kaiser Saurborn & Mair, P.C., 30 Broad Street, 37th Floor, New York, NY 10004.

  F) Without releasing Defendant from its ultimate obligation to ensure the Settlement Amount is delivered to and received by Counsel for Plaintiff, the Parties agree that any delay in delivery of the Settlement Amount that is caused by, or may be attributed in whole or in part to any act or omission of the United States Postal Service or other mail carrier, shall toll the deadline for issuance of the Settlement Amount as contemplated herein, and shall not be considered a breach of this agreement on behalf of the Airlogix Releasees in any way.

5. **NO OTHER PAYMENTS OR BENEFITS DUE AND OWING:** Plaintiff hereby acknowledges and agrees that with regard to her claims for wages and/or overtime against Defendant, whether under the FLSA, NYLL, or otherwise, including, but not limited to, claims for wages and overtime alleged in the Civil Action, that other than the Settlement Amount as provided for in this Agreement, no other payments, wages, or wage-related payments, including, but not limited to, payments of income, wages, overtime, vacation time, sick time, or other benefits of any

kind are owed to her by any of the Airlogix Releasees. Plaintiff acknowledges and agrees that the Settlement Amount is in excess of any amount the Airlogix Releasees are or may be obligated to provide to Plaintiff, or that would normally be provided to Plaintiff upon the separation from her employment with Defendant for any reason, and that it is being provided solely in consideration of Plaintiff's signing this Agreement and the mutual promises, covenants and agreements set forth herein.

6. **INCOME TAXATION:** Defendant makes no representations or warranties regarding any tax issues relating to the payment of the Settlement Amount, and Plaintiff acknowledges that she has not relied upon any advice from the Airlogix Releasees concerning the taxability of any amounts to be paid under this Agreement or otherwise. In the event that taxes are assessed against Plaintiff as a result of any payment made hereunder, Plaintiff shall be solely responsible for the payment of such taxes, interest and/or penalties as may be assessed against her for federal, state and local income taxes and unemployment taxes and to the extent permitted by law including the FLSA, and shall indemnify, defend, and hold the Airlogix Releasees, harmless for any such liability, interest or penalties related thereto.

A) <u>Interpretation of this Agreement by Taxing Authorities</u>: In the event the IRS or any other taxing authority or governmental agency (whether federal, state or local) makes a determination that additional taxes are owed by any party, each party shall be responsible for their share of such taxes and their individual defense of such matter, provided that Plaintiff agrees to indemnify the Airlogix Releasees for any amounts she may receive pursuant to this Agreement, which such taxing authority or governmental agency deems the Airlogix Releasees should have withheld from the Settlement Amount and submitted on Plaintiff's behalf to said taxing authority, governmental agency, or other appropriate entity.

7. **NO OTHER CLAIMS:** Plaintiff represents and warrants that, other than the Civil Action, she has not filed any complaints, grievances, causes of action, or charges, either formal or informal, against any of the Airlogix Releasees with any other local, state, or federal agency or court relating to the matters alleged in the Civil Action. Plaintiff agrees not to file any other complaints, grievances, causes of action, or charges against the Airlogix Releasees arising from any claims that were raised, or which could have brought against the Airlogix Releasees from the beginning of the world up to the date of this Agreement for overtime, commissions, unpaid wages, any other payments or remunerations for services related to or arising out of Plaintiff's employment relationship and/or association with Defendant and the Airlogix Releasees, and any claims for retaliation based on same, whether pursuant to common law or otherwise. This provision specifically includes all claims for unpaid overtime, back pay, improper deductions, travel time, spread of hours pay, split-shift pay, accrued benefit time, liquidated damages, attorneys-fees and costs, wage-related penalties (including any civil penalties associated with the alleged failure to comply with NYLL § 195 *et. seq.)*, bonuses, expense reimbursements, severance pay, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment and/or association with Defendant and the Airlogix Releasees. The Parties acknowledge that this Agreement does not limit any Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. However, to the extent permitted by law, Plaintiff agrees that if any such claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies pursuant to same.

8. **CLASS AND COLLECTIVE ACTION WAIVER.** Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective, or multi-party action or proceeding based on any claim released by this Agreement.

9. **NEUTRAL REFERENCE.** The Parties agree that in response to inquiries from Plaintiff's prospective future employers, Airlogix shall provide only Plaintiff's dates of employment and positions held at Airlogix, in accordance with Airlogix company policy.

10. **NO ASSIGNMENT OF BENEFITS:** Plaintiff acknowledges that she has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

11. **NONDISPARAGEMENT:** Plaintiff further agrees that neither she nor anyone at her direction will make any statement or take any action solely for the purpose of harming the present or future business operations, business relationships, or charitable relationships of Airlogix. Notwithstanding the foregoing, nothing in this Section shall be construed to prohibit Plaintiff from making truthful statements concerning the Civil Action and/or her experience litigating same.

12. **BREACH.** For any action in which it is proven that a Party has materially breached this agreement in such a way that damages or injunctive or equitable relief to the other aggrieved Party are warranted, the aggrieved Party shall be entitled to recover from the breaching Party all reasonable attorneys' fees and costs incurred.

13. **GOVERNING LAW:** The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. The Court in the Civil Action shall retain jurisdiction with regard to the enforcement of this agreement.

14. **ENTIRE AGREEMENT:** The Parties acknowledge that, in making this Agreement, they relied entirely upon their own judgment, belief, interests, and the advice of their counsel. Each Party acknowledges that, except as expressly set forth herein, no representation or promise of any kind or character has been made to them by the other Party, its agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement between the Parties. Except for the representations, promises, covenants, and agreements set forth herein, there is no other agreement or understanding, written or oral, expressed or implied, between or among the Parties concerning the subject matter hereof. This Agreement supersedes, cancels, and replaces any and all prior and/or contemporaneous negotiations, agreements, arrangements, promises, or representations, proposed or otherwise, written or oral, concerning the subject matter hereof.

15. **IMPORTANT ACKNOWLEDGEMENTS:** By signing this Agreement, each Party agrees, represents, and warrants that:

    A)    It has read this Agreement in its entirety;

    B)    It understands the terms of this Agreement, and knows that by executing this Agreement it is giving up important rights;

      C)    The individual executing this Agreement on its behalf is competent to do so, is not affected or impaired by illness, use of alcohol, drugs, medication, other substances, or otherwise, and has the requisite authority to enter into this Agreement on that Party's behalf.

      D)    It has been advised to consult with its attorneys or other advisors of its choosing prior to executing this Agreement, and represents and warrants that it has done so, or that it otherwise knowingly and voluntarily waives such right;

      E)    It executes this Agreement knowingly and voluntarily;

      F)    It believes the attorneys' fees portion of the Settlement Amount to be fair and reasonable.

16. **BINDING NATURE OF AGREEMENT:** This Agreement is binding upon and shall inure to the benefit of each Party and its respective heirs, executors, administrators, executors, successors, assigns and legal representatives. The Parties agree and understand that each of the Airlogix Releasees is a beneficiary of this Agreement.

17. **ARMS' LENGTH TRANSACTION; MATERIALITY OF TERMS:** The parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth herein are material to this Agreement and, unless otherwise expressly stated, have been relied upon by the Parties in entering into this Agreement.

18. **NO CONSTRUCTION AGAINST DRAFTER:** In interpreting the text of this Agreement, no presumption against the drafter of any provision shall be made.

19. **EFFECTIVE DATE:** This Agreement shall be effective upon the Parties' receipt of an Order of the EDNY approving its terms.

20. **SEVERABILITY:** If any provision, subpart of any provision, phrase or clause herein is determined by a court of competent jurisdiction to be invalid or unenforceable, those provisions, subparts, phrases or clauses shall be considered duly severable and removed from the agreement, such that the remaining provisions subparts, phrases and clauses shall continue in full force and effect.

21. **WAIVER:** No breach of any terms or provisions hereto will be deemed waived unless in writing. The waiver of any breach of any terms or provisions of this Agreement shall not constitute a waiver of any other breach of this Agreement. Any failure by either Party to insist upon the strict performance by the other Party of any provision of this Agreement shall not be deemed a waiver of future performance of the same provision or any other provision of this Agreement. Such party shall retain the right to insist upon the specific performance of any or all of the provisions of this Agreement.

22. **HEADINGS:** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement. Any pronouns used herein shall be deemed to refer the masculine, feminine, neuter, singular, or plural as may be appropriate.

23. **NO MODIFICATION EXCEPT IN WRITING:** No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding on either Party absent Court approval of same. .

24. **MULTIPLE COUNTERPARTS:** The Parties agree that this Agreement can be signed in multiple counterparts and that all such counterparts, together, shall constitute one and the same legal instrument.

25. **EMAIL & FACSIMILE SIGNATURES:** The Parties further agree that photocopied, scanned, emailed, or facsimile signatures shall be deemed as effective as original signatures.

26. **ADEA ACKNOWLEDGEMENT.** Plaintiff has been advised that an individual waiving rights under the Age Discrimination in Employment Act ("ADEA") is entitled to a minimum of twenty-one (21) days within which to consider this agreement. Plaintiff acknowledges that she has twenty-one (21) days from the date of receiving this agreement to consider it before executing and returning it to the Airlogix Releasees. Plaintiff acknowledges that she may execute and return this agreement earlier if she so decides. Plaintiff acknowledges that by executing and returning this agreement during the twenty-one (21) day period, she waives any right to consider this agreement for the remainder of the twenty-one (21) day period. Plaintiff acknowledges that she has been advised that she may consult with an attorney or other adviser of her choosing prior to making the decision to execute and return this agreement.

27. **REVOCATION.** Plaintiff may revoke this Agreement for a period of seven (7) calendar days after she executes it. Any revocation within this period must be submitted in writing to the attention of: Elizabeth Gorman, Esq., Milber Makris Plousadis & Seiden, LLP, 1000 Woodbury Rd., Woodbury, NY 11797, and/or emailed to egorman@milbermakris.com. The revocation must state, "I hereby revoke my acceptance of our Negotiated Settlement Agreement and General Release." The revocation must be emailed, or mailed and postmarked within seven (7) calendar days of the revoking Party's execution of this Agreement. If the last day of the revocation period is a Saturday, Sunday, or legal holiday in New York, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday.

**THE PARTIES HAVE BEEN GIVEN REASONABLE TIME TO CONSIDER THIS AGREEMENT. THE PARTIES ALSO ACKNOWLEDGE THEY HAVE CONSULTED WITH THEIR ATTORNEYS PRIOR TO SIGNING THIS AGREEMENT.**

**THE PARTIES AGREE THAT ANY MOFIDICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE 21 DAY REVIEW PERIOD REQUIRED HEREIN.**

**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST THE AIRLOGIX RELEASEES.**

*Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.*

**IN WITNESS WHEREOF**, the Parties hereto execute this Agreement as follows:

| **Margaret O'Boyle** | **Bayside Refrigeration, Inc. d/b/a Airlogix** |
|---|---|
|  | Gerri Domenikos |
| Signature | Print Name |
|  |  |
| Date | Sign Name |
|  | CEO |
|  | Title |
|  | 10/19/2020 |
|  | Date |

**[THIS IS THE END OF THE DOCUMENT.]**

*Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.*

**IN WITNESS WHEREOF**, the Parties hereto execute this Agreement as follows:

**Margaret O'Boyle**

*Margaret O'Boyle*
_____
Signature

10/14/20
_____
Date

**Bayside Refrigeration, Inc. d/b/a Airlogix**

_____
Print Name

_____
Sign Name

_____
Title

_____
Date

**[THIS IS THE END OF THE DOCUMENT.]**